## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF NEW YORK

CARLOS CUESTA, an individual,
and
ACCESS 4 ALL, INC., a Florida not for
Profit Corporation,

        Plaintiffs,

  v.

BWPSS HOLDINGS LLC, a Missouri
Limited Liability Company, and
CHOICE HOTELS INTERNATIONAL,
INC. a Delaware Corporation, and
PINECONE HOLDINGS INC., a New
York Corporation.

        Defendants.

_____/

CASE:  1:25-cv-01213 (ECC/DJS)

## **COMPLAINT**

    Plaintiffs, and CARLOS CUESTA (hereinafter "Cuesta") and ACCESS 4 ALL, INC. (hereinafter "Access"), on behalf of themselves and all other persons similarly situated (collectively hereinafter "Plaintiffs"), hereby sue, BWPSS HOLDINGS LLC, a Missouri Limited Liability Company, CHOICE HOTELS INTERNATIONAL, INC., a Delaware Corporation and PINECONE HOLDINGS INC. a New York Corporation (collectively, "Defendants") and as grounds allege:

### JURISDICTION AND VENUE

1.    The Court has original jurisdiction over Plaintiffs' claims arising under 42 U.S.C.

§ 12181, *et seq.* pursuant to 28 U.S.C. §§ 1331, 1343 and 42 U.S.C. § 12117(a).

1

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 2201 and 2202, and may render declaratory judgment on the existence or nonexistence of any right under 42 U.S.C. § 12181, *et seq.*

3.      The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

4.      Plaintiff, Cuesta, is an individual over eighteen years of age, who resides in Florida and is otherwise *sui juris.* Plaintiff, Cuesta, is a member of the Not-for-profit Corporation, Access 4 All, Inc.

5.      Plaintiff, Cuesta, is legally blind and a member of a protected class under the ADA, 42 U.S.C. § 12102(1)-(2), the regulations implementing the ADA set forth at 28 CFR §§36.101 *et seq.* and in 42 U.S.C. 3602, §802(h).

6.      Plaintiff, Access, is a Florida Not-for-profit Corporation, formed under the laws of Florida, and maintains its principal office in Miami-Dade County, Florida.   Members of its organization include individuals with disabilities as defined by the ADA, and are representative of a cross-section of the disabilities to be protected from discrimination by the ADA.  The purpose of this organization is to represent the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities.  Access and its members have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to comply with the requirements of the ADA.  One or more of its members has suffered an injury that would allow it to bring suit in its own right.  Access has also been discriminated against because of its association with its disabled members and their claims.

7.      At all times material, BWPSS HOLDINGS LLC, was and is a Missouri Limited Liability Company, authorized to do business in New York, organized under the laws of the state of Missouri, with its principal place of business in Missouri.

8.      At all times material, Defendant, BWPSS HOLDINGS LLC, owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 3291 S Broadway Saratoga Springs, NY 12866 (hereinafter the "Commercial Property").

9.      At all times material, Defendant, BWPSS HOLDINGS LLC owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "The Hotel Saratoga".

10.     At all times material, Defendant, CHOICE HOTELS INTERNATIONAL, INC., was and is an Delaware Corporation, organized under the laws of the state of Delaware, with its principal place of business in Delaware and authorized to do business in New York.

11.     At all times material, Defendant, CHOICE HOTELS INTERNATIONAL, INC., owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 3291 S Broadway Saratoga Springs, NY 12866 (hereinafter the "Commercial Property").

12.     At all times material, Defendant, CHOICE HOTELS INTERNATIONAL, INC., owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "The Hotel Saratoga".

13.     At all times material, Defendant, PINECONE HOLDINGS INC., was and is a New York Corporation, organized under the laws of the state of New York, with its principal place of business in New York.

14.     At all times material, Defendant, PINECONE HOLDINGS INC., owned, leased, leased to, and/or operated one or more Commercial Property(ies) located at 3291 S

3

Broadway Saratoga Springs, NY 12866 (hereinafter the "Commercial Property").

15.    At all times material, Defendant, PINECONE HOLDINGS INC., owned, leased, leased to, and/or operated, *inter alia*, a hotel at the Commercial Property, held out to the public as "The Hotel Saratoga".

16.    Venue is properly located in the Northern District of New York pursuant to 28 U.S.C.A. § 1391(b) in that all events giving rise to this lawsuit occurred in Saratoga County, New York.

17.    Defendants' Commercial Property at issue in this matter and the business therein are located in and around the Saratoga County area. The Defendants regularly conduct business within Saratoga County area, and because a substantial part(s) of the events or omissions giving rise to these claims occurred in Saratoga County area.

<u>FACTUAL ALLEGATIONS</u>

18.    Plaintiff, Cuesta, is an individual with disabilities as defined by and pursuant to the ADA. Plaintiff, Cuesta, is a hemiplegic with partial paralysis on his left side of the body. His mobility is limited and can only stand for short intervals. He also has great deal of trouble walking more than short distances. Cuesta is limited in his major life activities by such, including but not limited walking, standing, grabbing, grasping and/or pinching using the left side of the body.

19.    Although Plaintiff, Cuesta, currently lives in South Florida, he visits Saratoga and the surrounding areas frequently. Plaintiff, Cuesta, is an avid racing fan and NYRABets card-holder who visits the Saratoga Racetrack whenever possible. Plaintiff, Cuesta, last visited the Saratoga Racetrack on June 3rd, 4th, 5th, of 2025 and is returning for an event in late August 2025. While he was visiting for the Belmont Festival held at the Saratoga Racetrack in June 2025, Plaintiff, Cuesta, stayed at the Commercial Property from June 3-4, 2025. Upon

4

discovering he was unable to use the shower and other amenities at the hotel, he was forced to make other arrangements at the last minute. Beyond attending Saratoga for racing events and concerts, he enjoys the Lake George atmosphere which he finds invigorating. Plaintiff, Cuesta, has reservations to return to the Commercial Property from August 29-30, 2025. If the property remains inaccessible at that time, he will once again be forced to change accommodations and will suffer the stress and expense of another last minute relocation.

20.     The Commercial Property's close proximity to the Saratoga Racetrack and makes it an important lodging option for Plaintiff when traveling to and around the Saratoga area.

## COUNT I – ADA VIOLATIONS

21.     Plaintiffs adopt and re-allege the allegations set forth in paragraphs 1 through 20 above as though fully set forth herein.

22.     Defendants have discriminated against Plaintiffs by denying them access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the Commercial Property as prohibited by 42 U.S.C. § 12182, *et seq*.

23.     Defendants have discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia*, to have accessible facilities by January 26, 1992. A list of the violations that Plaintiffs encountered during their visits to Defendants' Commercial Property includes, but is not limited to, the following:

A.     Parking and Exterior Routes

i.     Parking spaces and access aisles contain slopes of greater than 3.5%, violating §502.4 of the 2010 ADA Standards for Accessible Design. Without level access aisles and parking spaces, it becomes difficult for Plaintiffs to unload/transfer from

a vehicle.

ii.    Parking spaces are not located on a compliant accessible route to the entrances served, violating §502.3 of the 2010 ADA Standards for Accessible Design and thus making it difficult for Plaintiffs to walk from the parking lot to the Commercial Property.

iii.    Passenger loading zone fails to comply with §503 of the 2010 ADA Standards for Accessible Design and thus making it difficult for Plaintiffs to walk from the parking lot to the Commercial Property..

iv.    Routes to the pool and public walk contain excessive slopes and cross slopes greater than 4%, violating §403.3 of the 2010 ADA Standards for Accessible Design. Without level routes it becomes difficult for Plaintiffs to unload/transfer from a vehicle.

B.    <u>Access to Goods and Services</u>

i.    Dining and work surfaces throughout property lack required toe clearance, violating §902.2 and 306 of the 2010 ADA Standards for Accessible Design. Without adequate toe clearance, Plaintiffs could not dine or work at the designated areas.

ii.    Self-service breakfast areas are beyond reach, violating §308 of the 2010 ADA Standards for Accessible Design and thus prohibiting Plaintiffs from being able to reach the food products.

iii.    Less than 5% of all dining spaces are accessible, violating §226 of the 2010 ADA Standards for Accessible Design. Without accessible dining spaces, Plaintiffs cannot enjoy dining privileges.

iv.    Fitness center water and towels are beyond reach, violating §308 of the 2010 ADA

Standards for Accessible Design and thus preventing Plaintiffs from being able to use the fitness center and towels.

v.  Exercise equipment is improperly spaced, violating §1004 of the 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the equipment.

vi.  Elevators fail to level as required, violating §407.4.4 of the 2010 ADA Standards for Accessible Design.  Without properly accessible elevators, Plaintiffs are limited to their full access of the Commercial Property.

vii.  Exterior pool gate is inaccessible, violating §404 of the 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from accessing the pool area.

C.  Restrooms

i.  Grab bars are improperly located, violating §604.5 and 609 of the 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the restrooms.

ii.  The side grab bar is obstructed, violating §604.5 and 609 of the 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the restrooms..

iii.  Mirror and coat hook are mounted at excessive heights, violating 2010 ADA Standards for Accessible Design and thus preventing Plaintiffs from being able to use the mirror and coat hook.

iv.  Sink exceeds maximum height to counter surface and lacks required insulation, violating §606.3 and 606.5 of the 2010 ADA Standards for Accessible Design.  The improperly set sink prevented Plaintiffs from its proper use.

D.      Hotel Guestrooms

i.      Door lock is mounted at 60 inches above the floor, violating §308 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to properly secure their rooms.

ii.     Window blinds are mounted beyond reach and have inoperable parts, violating §308 and 309 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to reach the window blinds.

iii.    Clearance around bed is less than 36 inches, violating §603 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to move around the guestroom.

iv.     Improper side grab bar and no rear grab bar provided at the water closet, violating §604.5 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to move around the guestroom..

v.      Mirror is set at a height of more than 40 inches above the floor, violating §308 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the mirror.

vi.     Iron and storage shelves are set at a height of more than 48 inches above the floor, violating §306 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the shelves.

vii.    Dining table lacks toe clearance, violating §306 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the dining table.

viii.   Roll-in shower is improperly designed, violating §608 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the shower.

ix.   Shower controls are improperly located, violating §608.5 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the shower.

x.   Toilet seat is not accessible, violating §610.3 of the 2010 ADA Standards for Accessible Design and preventing Plaintiffs from being able to use the toilet.

## Relief Sought and the Basis

24.   The discriminatory violations described in this Complaint are not an exclusive list of Defendants' ADA violations. Plaintiffs request an inspection of Defendants' place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and barriers to access in conjunction with Rule 34 and timely notice. Plaintiffs further request to inspect any and all barriers to access that were concealed by virtue of the barriers' presence, which prevented Plaintiffs from further ingress, use, and equal enjoyment of the Commercial Property and the business(es) therein; Plaintiffs request to be physically present at such inspection in conjunction with Rule 34 and timely notice.

25.   The Plaintiffs, and all other individuals similarly situated, have been denied access to, and have been denied full and equal enjoyment of the goods, services, facilities privileges, benefits, programs, and activities offered by Defendants' Commercial Property and the businesses within the Commercial Property; and have otherwise been discriminated against and damaged by the Defendants because of the Defendants' ADA violations as set forth above. The Plaintiffs, and all others similarly situated, will continue to suffer such discrimination,

injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

26.     Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of their places of public accommodation or commercial facility, in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendants continue to discriminate against Plaintiffs, and all those similarly situated, by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

27.     Plaintiffs are without adequate remedy at law, will suffer irreparable harm, and have a clear legal right to the relief sought. Further, injunctive relief will serve the public interest and all those similarly situated to Plaintiffs. Plaintiffs have retained the undersigned counsel and are entitled to recover attorneys' fees, costs, and litigation expenses from Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

28.     A defendant is required to remove the existing architectural barriers to the physically disabled when such removal is readily achievable for their place of public similarly situated, will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory

situation, the Plaintiffs require an inspection of the Defendants' place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

29.     Notice to Defendants is not required as a result of the Defendants' failure to cure the violations by January 26, 1992. All other conditions precedent have been met by Plaintiffs or waived by Defendants.

30.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs' Injunctive Relief, including an order to alter the property where Defendants operate their business(es) located within the Commercial Property, the interiors, exterior areas, and the common exterior areas of the Commercial Property to make those facilities readily accessible and useable to the Plaintiffs and all other mobility-impaired persons; or by closing the facility until such time as the Defendants cure their violations of the ADA.

## COUNT II – VIOLATIONS OF 28 C.F.R. SECTION 36.302(e)(1)

31.     Plaintiffs incorporate and reallege paragraphs 1 through 30 as though set forth fully herein.

32.     This is an action for violations of the ADA and 28 C.F.R. Section 36.302(e)(1).

33.     More specifically, 28 C.F.R. Section 36.302(e)(1) imposes the following requirement: Reservations made by places of lodging. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

(i)     Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

(ii)    Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

(iii)    Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

(iv)    Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

(v)    Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

These regulations became effective March 15, 2012.

34.    Defendants, either themselves or by and through a third party, implemented, operates, controls and or maintains Websites for the Commercial Property which contains an online reservations system. These website(s) are located at https://www.choicehotels.com/new-york/saratoga-springs/choice-hotels/ny892?mc=llgoxxpx  among others. This term also includes all other websites owned and operated by Defendants or by third parties to book or reserve guest accommodations at the Commercial Property hotel ("Websites"). The purpose of these websites is so that members of the public may reserve guest accommodations and review information pertaining to the goods, services, features, facilities, benefits, advantages, and accommodations of the Property. As such, these websites are subject to the requirements of 28 C.F.R. Section

36.302(e).

35.     Prior to the commencement of this lawsuit, Plaintiffs visited these websites for the purpose of reviewing and assessing the accessible features at the Commercial Property and ascertain whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs. In each instance, at various points in the reservation process each website indicated that handicap or mobility accessible rooms were available.

36.     In each instance the Websites provided insufficient or misinformation regarding accessible features in the rooms or the hotel. Indeed, Plaintiffs' room did not contain sufficient accommodations and, consequently, Plaintiffs were not able to use the room.

37.     In the near future, including as set forth above, Plaintiffs intend to revisit Defendants' websites and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the websites to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property.

38.     Plaintiffs are continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless they are willing to suffer additional discrimination.

39.     The violations present at Defendants' websites infringe Plaintiffs' right to travel free of discrimination and deprive them of the information required to make meaningful choices for travel. Plaintiffs have suffered, and continue to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendants' websites. By continuing to operate the websites with discriminatory conditions, Defendants contribute to Plaintiffs' sense of isolation and segregation and deprive Plaintiffs the full and equal enjoyment of the goods, services,

facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendants' websites and knowing that it would be a futile gesture to return to the websites unless they are willing to endure additional discrimination, Plaintiffs are deprived of the same advantages, privileges, goods, services and benefits readily available to the general public. Defendants' online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiffs, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

40.    Plaintiffs have suffered and will continue to suffer direct and indirect injury as a result of the Defendants' discrimination until the Defendants are compelled to modify their websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

41.    Plaintiffs have a realistic, credible, existing and continuing threat of discrimination from the Defendants' non-compliance with the ADA with respect to these websites. Plaintiffs have reasonable grounds to believe that they will continue to be subjected to discrimination in violation of the ADA by the Defendants.

42.    Defendants have discriminated against the Plaintiffs by denying them access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e). Furthermore, the Defendants continue to discriminate against the Plaintiffs, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to

14

individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

43.     Plaintiffs are without adequate remedy at law and are suffering irreparable harm. Plaintiffs have retained the undersigned counsel and are entitled to recover attorney's fees, costs and litigation expenses from the Defendants pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

44.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiffs Injunctive Relief, including an order to require the Defendants to alter the subject websites to make them readily accessible and useable to the Plaintiffs and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendants cure its' violations of the ADA.

45.     Plaintiffs pray for judgment as set forth below.

**WHEREFORE**, the Plaintiffs respectfully request:

a.     the Court issue a Declaratory Judgment determining Defendants, at the commencement of the subject lawsuit, were and are in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e);

b.     injunctive relief against Defendants, including an order to make all readily achievable alterations to the facilities; or to make such facilities readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require Defendants to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such steps that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated

15

websites to ensure that it remains in compliance with said requirement;

   d.      an award of attorneys' fees, costs, and litigation expenses pursuant to 42 U.S.C. §
12205; and

   e.      such other relief as the Court deems just and proper, and/or is allowable under
Title III of the Americans with Disabilities Act.

Dated: August 19th, 2025                    Respectfully submitted,

                                            /s/ Joseph M. Horn
                                            Joseph M. Horn, Esq.
                                            New York Bar No.: 3977527
                                            Law Office of Joseph M. Horn
                                            500 Lake Street, Suite D
                                            Ramsey, NJ 07446
                                            T: 201-884-6000
                                            F: 201-205-1382
                                            E: hornesq@gmail.com
                                            Attorneys for Plaintiffs
                                            Local Counsel

                                            /s/ John A. Salcedo
                                            John A. Salcedo, Esq.
                                            Florida Bar No.: 14665
                                            The Mineo Salcedo Law Firm, P.A.
                                            5600 Davie Road
                                            Davie, FL 33314
                                            T: 954.463.8100
                                            E: jsalcedo@mineolaw.com
                                            Attorney for Plaintiffs
                                            Pro Hac Vice Motion to Follow