**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

CARLOS CUESTA, an individual on behalf of himself and all others similarly situated, and ACCESS 4 ALL, INC., a Florida Not for Profit Corporation on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

BWPSS HOLDINGS LLC, and PINECONE HOLDINGS INC.,

Defendants.

1:25-cv-1213
(ECC/DJS)

Alexander J. Santana, Esq., *for Plaintiffs*
Gabriella R. Levine, Esq., *for Defendant BWPSS Holdings LLC*

**Hon. Elizabeth C. Coombe, United States District Judge:**

**MEMORANDUM-DECISION AND ORDER**

Plaintiffs Carlos Cuesta (Cuesta) and Access 4 All, Inc. (Access 4 All) brought this class action against Defendant BWPSS Holdings LLC (Defendant) and others[1] asserting claims under the Americans with Disabilities Act (ADA), 42 U.S.C. § 12182, and the Code of Federal Regulations (CFR) associated with the ADA, 28 C.F.R. § 36.302, arising out of Cuesta's alleged stay at The Hotel Saratoga from June 3 through 4, 2025. Complaint (Compl.), Dkt. No. 1. Presently before the Court is Defendant's motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. No. 17. The motion is fully briefed. Dkt.

---

[1] The other remaining defendant, Pinecone Holdings Inc., has not answered the complaint or entered an appearance. Defendant Choice Hotels International, Inc. was dismissed pursuant to a notice of voluntary dismissal. Dkt. No. 23.

Nos. 17, 24, 29. For the following reasons, the motion to dismiss is granted in part, and the complaint is dismissed with leave to amend.

## I. BACKGROUND[2]

Cuesta, a South Florida resident who is legally blind and a hemiplegic with partial paralysis on the left side of his body, is a person with disabilities as defined by the ADA. Compl. ¶¶ 5, 18. "His mobility is limited, and he can only stand for short intervals." *Id.* at ¶ 18. His limitations include "walking, standing, grabbing, grasping and/or pinching using the left side of the body." *Id.* Cuesta "visits Saratoga and the surrounding areas frequently." *Id.* He is also "an avid racing fan and NYRABets card-holder who visits the Saratoga Racetrack whenever possible." *Id.* at ¶ 19. He "last visited the Saratoga Racetrack" on June 3–5, 2025, and plans to return for "an event in late August 2025." *Id.* "Beyond attending Saratoga for racing events and concerts, he enjoys the Lake George atmosphere which he finds invigorating." *Id.*

Access 4 All is a Florida not for profit corporation with its principal place of business in Florida that "represent[s] the interest of its members by assuring places of public accommodation are accessible to and usable by the disabled and that its members are not discriminated against because of their disabilities." Compl. ¶ 6. Cuesta is a member of Access 4 All. *Id.* at ¶ 4.

Defendant, a Missouri limited liability company, owns, leases, and/or operates "The Hotel Saratoga" (the Hotel). *Id.* at ¶ 9.

On approximately June 3–4, 2025, Cuesta, who was in the Saratoga, New York area for the Belmont Festival at the Saratoga Racetrack, "stayed" at the Hotel. Compl. ¶ 19. "Upon

[2] These facts are drawn from the complaint. The Court assumes the truth of, and draws reasonable inferences from, the well-pleaded factual allegations, *see Lynch v. City of New York*, 952 F.3d 67, 74–75 (2d Cir. 2020), but does not accept as true any legal conclusions, *see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

discovering he was unable to use the shower and other amenities at [the Hotel], he was forced to make other arrangements at the last minute." *Id.* In addition, he "encountered" twenty-five ADA violations at the Hotel. *Id.* at ¶ 23. Specifically, the complaint alleges violations involving parking spaces, a passenger loading zone, exterior routes to the pool and public walk, dining and work surfaces, self-service breakfast areas, dining spaces, fitness center water and towel placement, exercise equipment, elevators, an exterior pool gate, restroom grab bars, restroom mirror and coat hooks, restroom sinks, hotel guestroom door locks, hotel guestroom window blinds, clearance around guestroom beds, hotel guestroom grab bars, hotel guestroom mirrors, hotel guestroom shelving, hotel guestroom dining tables, and hotel guestroom toilets (the enumerated alleged violations). *Id.*

Cuesta had "reservations to return to the Hotel from August 29–30, 2025," and he would be forced to change accommodations if the "property remains inaccessible at that time." *Id.* at ¶ 19. In addition, the Hotel's "close proximity to the Saratoga Racetrack . . . makes it an important lodging option for Plaintiff when traveling to and around the Saratoga area." *Id.* at ¶ 20.

Before filing the complaint, Plaintiffs visited websites with online reservations for the Hotel that Defendant "operates, controls, or maintains" for "the purpose of reviewing and accessing the accessible features and ascertain[ing] whether they meet the requirements of 28 C.F.R. Section 36.302(e) and their accessibility needs." Compl. ¶¶ 33, 34. 35. The websites "provided insufficient or misinformation regarding accessible features in the rooms or [the Hotel]." *Id.* at ¶ 33.

## II. LEGAL STANDARD

"A court faced with a motion to dismiss pursuant to both Rules 12(b)(1) and 12(b)(6) must decide the jurisdictional question first because a disposition of a Rule 12(b)(6) motion is a decision on the merits and, therefore, an exercise of jurisdiction." *Mann v. N.Y. State Ct. of Appeals*, No.

21-cv-49 (MAD/CFH), 2021 WL 5040236, at *3 (N.D.N.Y. Oct. 29, 2021) (citation omitted). "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." *Forjone v. Dep't of Motor Vehicles*, 414 F. Supp. 3d 292, 297–98 (N.D.N.Y. 2019) (cleaned up). "In resolving a motion to dismiss under Rule 12(b)(1), the district court must take all uncontroverted facts in the complaint . . . as true[ ] and draw all reasonable inferences in favor of the party asserting jurisdiction." *Tandon v. Captain's Cove Marina of Bridgeport, Inc.*, 752 F.3d 239, 243 (2d Cir. 2014) (citation omitted).

To survive a motion to dismiss under Rule 12(b)(6) for failure to state a claim, "a complaint must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Mayor & City Council of Balt. v. Citigroup, Inc.*, 709 F.3d 129, 135 (2d Cir. 2013) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The plaintiff must provide factual allegations sufficient "to raise a right to relief above the speculative level[.]" *Id.* (quoting *Twombly*, 550 U.S. at 555). A court must accept as true all factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *See EEOC v. Port Auth.*, 768 F.3d 247, 253 (2d Cir. 2014) (citing *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

## III. DISCUSSION

Plaintiffs seek declaratory and injunctive relief for (1) violations of Title III of the ADA related to the alleged barriers at the Hotel (count one), and (2) violations of 28 C.F.R. § 36.302(e) related to the alleged website deficiencies (count two). *See generally* Compl. Defendant argues that Plaintiffs have not sufficiently alleged standing for either claim. Dkt. No. 17 at 8–12.

### A. Standing

"[T]o establish standing, a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021) (internal citation omitted). Although "Congress may create a cause of action by statute, mere violation of that statute does not give rise to standing to sue under Article III because an injury in fact still is required." *RLO Group LLC v. Fonseca*, No. 23-cv-7861, 2025 WL 2721396, at *2 (E.D.N.Y. Sep. 24, 2025) (citing *TransUnion LLC*, 594 U.S. at 426 and *Spokeo, Inc. v. Robins*, 578 U.S. 330, 341–42 (2016), *as revised* May 24, 2016 (holding that Congress may elevate harms where none existed before, but a statutory violation on its own will not establish a concrete harm)). Whether plaintiffs have "standing under Article III to bring this case" is a "threshold question." *Karkare on behalf of JN v. Int'l Assoc. of Bridge, Structural, Ornamental & Reinforcing Iron Workers Local 580*, 140 F.4th 60, 64 (2d Cir. 2025) (citing, among other cases, *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 433 F.3d 181, 198 (2d Cir. 2005) ("If plaintiffs lack Article III standing, a court has no subject[-]matter jurisdiction to hear their claim.") (alteration in original)).

"[A] plaintiff seeking injunctive or declaratory relief cannot rely on past injury to satisfy the injury requirement but must show a likelihood that he or she will be injured in the future." *Choi's Beer Shop, LLC v. PNC Merch. Servs. Co., L.P.*, 855 F. App'x 20, 21 (2d Cir. 2021) (quoting *Deshawn E. by Charlotte E. v. Safir*, 156 F.3d 340, 344 (2d Cir. 1998)) (summary order). Any future injury allegations "must be *certainly impending* to constitute injury in fact." *Am. Civ. Liberties Union v. Clapper*, 785 F.3d 787, 800 (2d Cir. 2025) (citing *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 401 (2013)). "Allegations that merely posit possible future injuries are insufficient."

*Mattera v. Saratoga Hotel Assocs.*, No. 1:25-cv-1419 (AMN/PJE), 2026 WL 2444892, at *3 (N.D.N.Y. Aug. 20, 2026) (citing *Clapper*, 785 F.3d at 800).

"In the ADA context . . . a plaintiff seeking injunctive relief has suffered an injury in fact" where

> (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' [business] to plaintiff's home, that plaintiff intended to return to the subject location.

*Calcano v. Swarovski North America Ltd.*, 36 F.4th 68, 74 (2d Cir. 2022) (quoting *Kriesler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013)). "These considerations may assist courts in determining whether an alleged prospective injury is sufficiently 'concrete and particularized.'" *Id.* at 74 (quoting *Lujan*, 504 U.S. at 560).

**1. Cuesta**

**a. Past Injury**

"A plaintiff can demonstrate past injury under the ADA by showing: (1) 'the direct injury from personally encountering disability-based discrimination at [d]efendant's property' and (2) 'deterrence from using [d]efendant's property because it is not ADA compliant.'" *Valdez v. Singlee Lau, Inc.*, No. 24-cv-9150, 2025 WL 3074254, at *2 (S.D.N.Y. Nov. 4, 2025) (quoting *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006)). "Courts both in this Circuit and elsewhere have held that, as a bare minimum, a plaintiff can establish a direct injury sufficient to support standing only if [he] 'personally encounters the barrier to access' that caused [his] injury." *Feltzin v. Triangle Props. #1, LLC*, No. 14-cv-5131, 2016 WL 11599264, at *4 (E.D.N.Y. Feb. 8, 2018) (quoting *Panzica v. Mas-Maz, Inc.*, No. 05-cv-2595, 2007 WL 1732123, at *3 (E.D.N.Y. June 11, 2007)) (collecting cases). "In lieu of a direct

injury, an allegation that a physical access barrier deters a plaintiff from frequenting a [place of business] is sufficient to show a past ADA injury." *Valdez*, 2025 WL 3074254, at *2 (citing *Kreisler*, 731 F.3d at 188); *see Calcano*, 36 F.4th at 74 n.4 ("A plaintiff 'need not attempt to overcome an obvious barrier' to allege an injury in fact." (quoting *Kreisler*, 731 F.3d at 188)). "[O]nce a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Kreisler*, 731 F.3d at 188.

Cuesta's allegation that he "stayed" at the Hotel and "discovered" a lack of access to "the shower and other amenities at [the Hotel]," Compl. ¶ 19, satisfies this requirement, and is sufficient to allege a "concrete and particularized injury" required for a past injury. *See Woods v. Kaztle Walsh, LLC*, No. 6:22-cv-525 (BKS/ATB), 2023 WL 6442064, at *3 (N.D.N.Y. Oct. 3, 2023) (concluding the plaintiff sufficiently alleged past injury by identifying "mobility-related barriers at the [p]roperty" that caused the plaintiff difficulty in accessing the property).

Because Cuesta has standing regarding one barrier at the Hotel, Cuesta "may bring ADA challenges, under a deterrence theory of injury, with respect to all other barriers on or in the [subject property] that impact his disability." *Hashimi v. Baklajian, and Emma Baklajian, as Trustees of the Haig Baklajian and Emma Baklajian Revocable Living Trust, Dated August 1, 2001, and Café Triskel LTD*, No. 25-cv-2152, 2026 WL 599101, at *9 (E.D.N.Y. Mar. 4, 2026) (*Hashimi I*) (citing *Kreisler*, 731 F.3d at 188) (establishing that "deterrence constitutes an injury under the ADA" and "because [the plaintiff] ha[d] standing to pursue injunctive relief as to the [d]iner's entrance, he ha[d] standing to seek removal of all barriers inside the [d]iner related to his disability that he would likely encounter were he able to access the [d]iner")). Therefore, Cuesta has met the first requirement of the ADA standing analysis.

**b. Reasonable Inference that the Discriminatory Treatment Would Continue**

Defendant argues that the complaint does not allege that Cuesta "actually ascertained whether any of his alleged ADA violations had been addressed after his visit in June." Dkt. No. 29 at 5 (alteration omitted). Cuesta takes the position that he alleged that the barriers that he personally encountered continue to exist. Dkt. No. 24 at 11 (citing Compl. ¶¶ 19, 23).

Regarding the second requirement of the ADA standing analysis, "it is reasonable to infer that Plaintiff's discriminatory treatment would continue" where "Plaintiff has alleged ongoing mobility-related barriers." *Woods*, 2023 WL 6442064, at *4. This is consistent with the Second Circuit's conclusion in *Kreisler* where the defendant's diner "ha[d] not indicated an intent to remedy th[e] barrier." *Kreisler*, 731 F.3d at 188.

Here, however, Plaintiffs allege that "Defendant[ ] [has] discriminated, and continue to discriminate, against Plaintiffs in violation of the ADA by failing, *inter alia,* to have accessible facilities by January 26, 1992. A list of violations that Plaintiffs encountered during their visits to [the Hotel] include, but is not limited to" the enumerated alleged violations. Compl. ¶ 23. The Court seriously questions whether this conclusory allegation is sufficient to allow a reasonable inference that the alleged barriers would continue. Even assuming, however, without deciding that it would be sufficient, Cuesta would not be able to establish standing because, as explained below, he has not sufficiently alleged an intent to return.

**c. Intent to Return**

Defendant argues that Plaintiffs' "vague, largely hypothetical, and conclusory" allegations of "hypothetical and remote future injury" are insufficient to satisfy the intent to return prong of the standing analysis. Dkt. No. 17-1 at 8–9. Moreover, Defendant points out that Cuesta's only specific allegation regarding an intent to return to the Hotel is the allegation that Cuesta "has

reservations to return to [the Hotel] from August 29-30, 2025," but that date occurred before the complaint was filed on September 4, 2025. *Id.* at 9. Plaintiffs respond that a "totality of circumstances demonstrate that Mr. Cuesta has an intent to return to the Hotel, and more specifically, return more often, once the ADA barriers are remediated." Dkt. No. 24 at 12.

"[T]he focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that 'the risk of harm is sufficiently imminent and substantial' to establish standing." *Calcano*, 36 F.4th at 74–75 (quoting *TransUnion LLC*, 594 U.S. at 415). "[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Calcano*, 36 F.4th at 75 (internal quotation marks omitted) (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)) (finding that reliance on a mere "profession of an intent to return to the places previously visited is not enough to establish standing for prospective relief")) (internal quotation and citation omitted).

In addition, "conclusory allegations of intent to return and proximity are not enough—in order to 'satisfy the concrete-harm requirement' and to 'pursue forward-looking, injunctive relief,' Plaintiffs must establish a 'material risk of future harm' that is 'sufficiently imminent and substantial.'" *Calcano*, 36 F.4th at 72 (quoting *TransUnion LLC*, 594 U.S. at 435); *see also Lowell v. Lyft, Inc.*, No. 17-cv-6251, 2023 WL 2622925, at *3 (S.D.N.Y. Mar. 24, 2023) ("Courts in this Circuit have linked the third element—intent to return—to the constitutional requirement that an injury in fact be imminent, rather than conjectural or hypothetical.") (internal citation omitted).

"While there is no precise degree of likelihood of return that is necessary to show imminence, the following factors are relevant: '(1) the proximity of the place of public accommodation to plaintiff's residence, (2) plaintiff's past patronage of defendant's business, (3)

the definitiveness of plaintiff's plans to return, and (4) the plaintiff's frequency of travel near defendant.'" *Castillo v. John Gore Org., Inc.*, No. 19-cv-388, 2019 WL 6033088, at *4 (E.D.N.Y. Nov. 14, 2019) (quoting *Feltzin v. Stone Equities, LLC*, No. cv-16-6457, 2018 WL 1115135, at *11 (E.D.N.Y. Feb. 8, 2018)); *see also Hashimi v. Court Diner Inc.*, No. 23-cv-5811, 2025 WL 4905840, at *4 (E.D.N.Y. Sept. 30, 2025) (*Hashimi II*) (summarizing the same factors) (citing *Calcano*, 36 F.4th at 75). "Intent to return is a 'highly fact-sensitive inquiry.'" *Hashimi I*, 2026 WL 599101, at *9 (quoting *Bernstein v. City of New York*, 621 F. App'x 56, 59 (2d Cir. 2015) (summary order)).

Although Cuesta's residence in South Florida "'is not determinative to his ability to establish intent to return'" to the Hotel in Saratoga, New York, *Stone Equities,* 2018 WL 1115135, at *11 (quoting *Bernstein*, 621 F. App'x at 58–59), the distance between South Florida and Saratoga, New York, "weighs against the plausibility of Plaintiff's intent to return" to the Hotel. *Id.*

As for Cuesta's past patronage of the Hotel, he alleges that he "stayed" at the Hotel from June 3–4, 2025, but that "he was forced to make other arrangements at the last minute" because "he was unable to use the shower and other amenities at the [H]otel." Compl. ¶ 19. Although this allegation is not particularly detailed or specific, it is sufficient to allege that Cuesta stayed at the Hotel on a single, specific date. But that allegation is not sufficient to support an inference that Cuesta intends to return. *See Lopez v. Peapod, LLC*, No. 19-cv-9906, 2021 WL 1108559, at *4 (S.D.N.Y. Mar. 23, 2021) ("Courts . . . have declined to find an intent to return even when a plaintiff pleads that they had visited a defendant's store before and will do so again in the future.") (collecting cases).

Regarding the definitiveness of Cuesta's plans to return to the Hotel, he alleges that he "has reservations to return to [the Hotel] from August 29-30, 2025." Compl. ¶ 19. This date passed, however, before Plaintiffs filed the complaint on September 4, 2025. *See generally* Compl. Moreover, the complaint acknowledges that the Hotel is just one lodging option. *See* Compl. ¶ 20 (alleging that the Hotel's "close proximity to the Saratoga Racetrack . . . makes it an important lodging option for Plaintiff while traveling to and around the Saratoga area").

Furthermore, Cuesta's argument that "the totality of circumstances demonstrate not only that he has an intent to return (as evidenced by his visits to Lake George/Saratoga), but also that he intends to return more frequently[,]" specifically, that he "has repeatedly visited Lake George/Saratoga, and has ties to the Saratoga race track," and "expects to return for festival and races, and come from out of town" is not persuasive. Dkt. No. 24 at 12. "Such 'some day' intentions — without any description of concrete plans, or indeed even any specification of when the some day will be — do not support a finding of the 'actual or imminent injury' that Article III requires." *Harty v. West Point Realty, Inc.*, 28 F.4th 435, 443 (2d Cir. 2022) (*Harty II*) (quoting *Lujan*, 504 U.S. at 564); *see also id.* (concluding that the complaint did not sufficiently allege an intent to return to Stamford, Connecticut where the plaintiff alleged frequent visits to family in "nearby" Nyack, New York, and one visit to Stamford); *see also Mattera*, 2026 WL 2444892, at *5 (concluding that an allegation that the plaintiff "visited Saratoga Springs with some level of frequency in the past" was not sufficient "to allow for any further inference regarding the certainty of [the plaintiff's] future travel plans") (citing *Harty v. Greenwich Hospitality Grp., LLC*, 536 F. App'x 154, 155 (2d Cir. 2013) (summary order)) (*Harty I*).

In addition, Cuesta's general allegation that he plans to return because of the Hotel's "close proximity to the Saratoga Racetrack . . . mak[ing] it an important lodging option for Plaintiff,"

Compl. ¶ 20, is not sufficient. *See Lujan*, 504 U.S. at 564 (A plaintiff's "profession of an intent to return to the places they had visited before — where they will presumably, this time, be deprived . . . — is simply not enough" to establish standing).

Finally, regarding Cuesta's frequency of travel in the area of the Hotel, Cuesta alleges that he "is an avid racing fan and NYRABets card-holder who visits the Saratoga Racetrack whenever possible." Compl. ¶ 19. In addition, he argues that his allegation that he plans to travel to the area "whenever possible" is supported by "his visits to Lake George/Saratoga." Dkt. No. 24 at 3. But the complaint does not provide any details about Cuesta's travel to the area "whenever possible" or details about prior visits to Lake George/Saratoga other than that he generally visited those places. Compl. ¶ 19. This is not sufficient to support a plausible inference of intent to return. *See Mattera*, 2026 WL 2444892, at *5 (concluding that the complaint's allegations that the plaintiff visited Saratoga Springs "with some level of frequency in the past" did not alone "allow for any further inference regarding the certainty of [the plaintiff's] future travel plans") (citing *Harty I*, 536 F. App'x at 155); *Hennesssy by and through Hennessy v. Poetica Coffee Inc.*, No. 21-cv-5063, 2022 WL 4095557, at *3 (E.D.N.Y. Sept. 7, 2022) (explaining that the plaintiff, like the plaintiffs in *Calcano,* did not adequately plead standing where the complaint did not provide details about "basic information," including the plaintiff's "frequent travels to the area where [the] [d]efendant's business was located") (quoting *Colcano,* 36 F.4th at 76) (additional quotations omitted); *Stone Equities*, 2018 WL 1115135, at *12 (concluding that the plaintiff's allegations that he "regularly visits the area near [the d]efendant's shopping center to visit friends, enjoy restaurants and other retail establishments" and he "travels to New York to visit with friends and family who reside in New York" insufficient to support a plausible inference).

After carefully considering the totality of the circumstances, Cuesta has not sufficiently alleged that he "has a plausible likelihood of intent or desire to return to" the Hotel. *Hashimi I*, 2026 WL 599101, at *14; *see id.* (collecting cases). Thus, the complaint fails to sufficiently plead an "actual or imminent" threat of injury to Cuesta, and he does not have standing to seek injunctive relief. *See Lujan*, 504 U.S. at 560–64.

**d. Defendant's Website**

Defendant argues that Plaintiffs have not adequately alleged standing for claims relating to Defendant's website. *See* Dkt. No. 17-1 at 11–12. Plaintiffs did not address this issue in their response.

"When considering injury in fact for standing purposes in similar ADA cases, courts in this Circuit have held that 'a plaintiff challenging a website's ADA violations must demonstrate that [he] had a purpose for using the website that the complained-of ADA violations frustrated, such that any injury is concrete and particularized to the plaintiff.'" *Mattera*, 2026 WL 2444892, at *6 (quoting *Laufer v. Dove Hess Holdings, LLC*, No. 5:20-CV-379 (BKS/ML), 2020 WL 7974268, at *15 (N.D.N.Y. Nov. 18, 2020)). "And to establish a real and immediate threat of repeated injury, a plaintiff must demonstrate that [his] intent to return to the website to book a room, or at least to obtain information that would allow [him] to decide whether to book a room, is plausible." *Id.* (quoting *Laufer*, 2020 WL 7974268, at *15),

Cuesta alleges that before the complaint was filed, he "visited these websites", and that "[i]n the near future . . . [he] intends to revisit Defendant['s] website[ ] and/or online reservations system . . . ." Compl. ¶¶ 35, 37. Cuesta's allegation that "he intends to visit the website 'in the near future,' and thus will again be harmed by Defendant, is vague and conclusory." *Harty v. West Point Realty*, 477 F. Supp. 3d 163, 168 (S.D.N.Y. 2020) (*Harty III*), *aff'd sub nom Harty II.* Cuesta fails to "allege *factual* allegations upon which the Court can reasonably infer [Cuesta] intends to

return to the website[ ] to book a room or utilize [Defendant's] services—facts that would support an inference of a particularized and concrete injury, and real threat of future harm." *Harty III*, 477 F. Supp. 3d at 168 (S.D.N.Y. 2020); *see also Mattera*, 2026 WL 2444892, at *6 (explaining that the operative pleading "does not claim that [the plaintiff] intended to use the Website to book a room at the Commercial Property or was seeking any particular information regarding accessibility that would allow him to decide whether to book a room"). In addition, the complaint does not allege when Cuesta visited the website or whether Cuesta visited the website "before or after his alleged stay" on June 3–4, 2025. *Id.* It also does not allege "how the Website violated the ADA regulation or how any alleged violation discriminated against [the plaintiff] other than a vague assertion that the website provided insufficient [information] or misinformation." *Id.* (internal quotation omitted).

The complaint's allegation regarding intent to return is that "[i]n the near future . . . Plaintiffs intend to revisit Defendant['s] website[ ] and/or online reservations system in order to test them for compliance with 28 C.F.R. Section 36.302(e) and/or to utilize the website[ ] to reserve a guest room and otherwise avail himself of the goods, services, features, facilities, benefits, advantages, and accommodations of the Commercial Property." Compl. ¶ 37. "In a parallel case, the district court in [*Harty III*] rejected this exact language, holding that the plaintiff's identical allegation was 'vague and conclusory' because it failed to allege facts from which the court could reasonably infer that the plaintiff intended 'to return to the websites to book a room or utilize defendant's services.'" *Mattera*, 2026 WL 2444892, at *6. In addition, as explained above, the complaint does not sufficiently allege facts supporting an inference that Cuesta intends to return to the Hotel, and the same reasoning prevents an inference that Cuesta "intends to return to the

Website to book a room or otherwise utilize Defendant['s] services." Compl. ¶ 37; *see also* *Mattera*, 2026 WL 2444892, at *7 (collecting cases).

Plaintiffs therefore have not adequately alleged that Cuesta has standing for his 28 C.F.R. § 36.302(3) claim.

**2. Access 4 All**

Defendant argues that Plaintiff Access 4 All does not have standing. Dkt. No. 17-1 at 15–16; Dkt. No. 29 at 1 n.1. Plaintiffs do not address this argument in their opposition.

An association has representational standing "to sue in its own name on behalf of its members if (1) its members would otherwise have standing to sue, (2) the interests it seeks to protect are germane to the organization's purpose, and (3) neither the claim asserted nor the relief requested requires the participation of individual members." *Access 4 All*, 458 F. Supp. 2d at 171 (citing *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S. 333, 343 (1977)).

Access 4 All does not satisfy the first prong. An association must show that "one or more of its members has suffered a concrete and particularized injury." *Id.* (quoting *Bldg. & Constr. Trades Council of Buffalo, New York and Vicinity v. Downtown Devel., Inc.*, 448 F.3d 138, 145 (2d Cir. 2006)). As explained above, Cuesta does not have standing, and Access 4 All has not identified any other member who suffered the injury described in the complaint. *See generally* Compl. The complaint's "allegations as to Plaintiff Access 4 All are fully coterminous with those as to" Cuesta and "Plaintiffs do not allege facts suggesting that Plaintiff Access 4 All has its own standing apart from" Cuesta. *Mattera*, 2026 WL 2444892, at *7; *see also* Dkt. No. 17-1 at 15–16. Therefore, Access 4 All has not produced facts that are sufficient to demonstrate that at least one of its members would have standing to sue, and its claims are dismissed. In addition, given the lack of standing, it is unnecessary to consider Defendant's motion under Federal Rule of Civil Procedure 12(b)(6).

### B. Leave to Amend

Plaintiffs seek leave to amend. Dkt. No. 24 at 14. Defendant opposes because Plaintiffs have not filed an appropriate motion, obtained their consent, or provided a draft amended complaint. Dkt. No. 29 at 7–8.

Federal Rule of Civil Procedure 15 provides that a court should "freely give" a plaintiff leave to amend a complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). Reasons to deny such leave to amend include "undue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party, or futility." *Monohan v. N.Y.C. Dep't of Corrs.*, 214 F.3d 275, 283 (2d Cir. 2000). The objective served by freely allowing amendments is to enable a party "to assert matters that were overlooked or were unknown at the time of the original complaint or answer." *Brown Budda N.Y., LLC v. Town of Southampton*, No. 25-cv-5053, 2026 WL 2363637, at *4 (E.D.N.Y. Aug. 13, 2026) (internal quotation and citation omitted).

Defendant asks the Court to take notice of Plaintiffs' "duplicative litigation." Dkt. No. 29 at 6; *see also* Dkt. No. 17-1 at 12–16. Specifically, Defendant identified approximately seven pending actions filed by Plaintiffs in this Court, and 40 prior ADA lawsuits filed by Plaintiffs in the United States District Court for the District of Colorado between November 2021 and November 2022. Dkt. No. 17-1 at 12–16; Dkt. No. 29 at 5 n.2; *see also Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 157 (2d Cir. 2006) (noting that a court may take judicial notice of filings in other litigations to establish the fact of the litigation). In situations where plaintiffs "have filed a significant number of nearly identical ADA lawsuits, each of which exhibits 'cut-and-paste' allegations, . . . [c]ourts in this [c]ircuit have identified such features as characteristic of 'abusive ADA litigation' which undermines the purpose and spirt of the ADA via the repeated filing of substantively similar complaints 'with the hope of intimidating the defendant into an early settlement (or obtaining a default judgment),' allowing for a quick recovery of

attorney's fees." *Mattera*, 2026 WL 2444892, at *7 (quoting *Winegard v. Golftec Intellectual Prop. LLC*, 674 F. Supp. 3d 21, 27 (E.D.N.Y. 2023)) (additional citation omitted).

"At the outset though, the Court 'must tread carefully before construing a Disability Act plaintiff's history of litigation against him' because in order for the ADA 'to yield its promise of equal access for the disabled, it may be necessary and desirable for committed individuals to bring serial litigation advancing the time when public accommodations will be compliant.'" *Mattera*, 2026 WL 2444892, at *8 (quoting *Laufer*, 2020 WL 7974268, at *17 (additional quotation omitted)). Although the Court understands the concerns articulated by Defendant, nevertheless, at this stage, given that Plaintiffs might be able to address the issues identified by the Court, and that Defendant has not demonstrated that there is any prejudice or bad faith, Plaintiffs' request to file an amended complaint is granted. *See Hashimi I*, 2026 WL 599101, at *15 (citing as examples *Gannon v. 31 Essex St. LLC*, No. 22-cv-1134, 2023 WL 199287, at *4–5 (S.D.N.Y. Jan. 17, 2023) (granting leave to amend to pleadings in an effort to establish standing under the ADA); *Dominguez v. Pizza Hut of Am., LLC*, No. 19-cv-10175, 2020 WL 3639977, at *4 (S.D.N.Y. July 6, 2020) (same)).

In any amended complaint, Plaintiffs must clearly set forth the facts that give rise to the claims. In addition, Plaintiffs should include all factual allegations in any amended complaint to ensure that the Court will consider them if Defendant moves to dismiss any amended complaint. Finally, any amended complaint will replace the existing complaint; it must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) ("It is well established that an amended complaint ordinarily supersedes the original[ ] and renders it of no legal effect.") (quoting *Int'l Controls Corp. v. Vesco*, 556 F.2d 665,

668 (2d Cir. 1977)). Plaintiffs should file any amended complaint within 30 days of this order.

## IV. CONCLUSION

For these reasons, it is hereby

**ORDERED** that Defendant's motion to dismiss, Dkt. No. 17, is **GRANTED IN PART**; and it is further

**ORDERED** that the complaint is dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1); and it is further

**ORDERED** that Plaintiffs are granted leave to amend to the extent authorized in this Memorandum-Decision and Order, it is further

**ORDERED** that any amended complaint must be filed within 30 days of the date of this Memorandum-Decision and Order, it is further

**ORDERED** that, if Plaintiffs fail to file an amended complaint within the thirty-day deadline, the Clerk of the Court is respectfully directed to close this case without further order from the Court.

**IT IS SO ORDERED.**

Dated: September 16, 2026

Elizabeth C. Coombe
U.S. District Judge